IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roger Syndell Legette,<br><br>Plaintiff,<br><br>v.<br><br>Warden of Evans Correctional Institution,<br><br>Defendant. | C/A No.: 4:17-3222-JFA<br><br><br>**ORDER** |

## I.  INTRODUCTION

The *pro se* Petitioner, Roger S. Legette ("Legette" or "Petitioner"), proceeding pro se, brings this action under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a Magistrate Judge for review.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opined that this case should be dismissed without prejudice and without service of process. (ECF No. 13 p. 1).

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on May 16, 2018. (ECF No. 13). Plaintiff filed his objections to the Report on June 1, 2018. (ECF No. 16).

Thus, this matter is ripe for review.

**II. DISCUSSION**

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner objects to the Magistrate's finding that his Complaint constitutes a petition for habeas corpus relief under 28 U.S.C. § 2254. (ECF No. 16 p. 1). Petitioner claims that he brought this action pursuant to Article III of the United States Constitution,

28 U.S.C. §§ 1446, 1331, 1332, and Rule 11 of the Federal Rules of Civil Procedure. *Id.* at 1–2.

In his Complaint, Petitioner claims that the state court "lacked the jurisdiction or standing to hear the case or announce [the] sentence. As such[,] the conviction [and] sentence currently being imposed and forced upon the [Petitioner] are illegal, unlawful, and void, and must be vacated as a matter of due process." (ECF No. 1 p. 1).

Despite Petitioner's intentions, "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010); *see also Rittenberry v. Morgan*, 468 F.3d 331, 337–38 (6th Cir. 2006) (stating that all habeas challenges to convictions in state court are subject to the restrictions of § 2254); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir. 2003) (holding that a prisoner "in custody pursuant to the judgment of a State court" must challenge bring a challenge to the execution of his sentence under § 2254); *Coady v. Vaughn*, 251 F.3d 480, 484–85 (3d Cir. 2001) (finding that a prisoner held in custody pursuant to the judgment of a state court must seek habeas relief under § 2254).

The fact that Petitioner did not intend for his pleadings to be construed as a petition for habeas relief under § 2254 is of no consequence. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (holding that § 2254 is "the only vehicle" through which a "person in custody pursuant to the judgment of a State court" may obtain habeas relief "no matter how his pleadings are styled"). *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir.

3

2000) (holding that § 2254 is the "exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody," and all of the statutory requirements of § 2254 apply "no matter what statutory label the prisoner has given the case").

Therefore, Petitioner's objection to the Magistrate's Report has no merit.

## III. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report (ECF No. 13), and the objections thereto (ECF No. 16), this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 13). Therefore, this action is dismissed without prejudice and without service of process.

IT IS SO ORDERED.

July 9, 2018  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge